UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI M.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 24-13204
Magistrate Judge Elizabeth A. Stafford

**ORDER GRANTING PETITION FOR ATTORNEY FEES (ECF NO. 12)**

## I. Introduction

Petitioner Bethany G. Versical, counsel for Plaintiff Lori M. on her federal appeals case, seeks reimbursement for attorney's fees under 42 U.S.C. § 406(b) of the Social Security Act. ECF No. 12. Versical requests $8,709.97 of the $17,909.97 that the Social Security Administration (SSA) withheld from plaintiff's award of past-due benefits as potential attorney's fees. *Id.*, PageID.865-868. Her request is not greater than 25% of plaintiff's total past-due award. *Id.*, PageID.867; *see* ECF No. 12-1, PageID.885. Versical adds that she would reimburse plaintiff the $2,677.50 that was previously awarded under the Equal Access to Justice Act (EAJA),

28 U.S.C. § 2412. ECF No. 12, PageID.868; ECF No. 11. The Commissioner of Social Security (Commissioner) does not object to the petition. ECF No. 14, PageID.920. And plaintiff signed a contingency fee agreement. ECF No. 12-4, PageID.900.

For the reasons below, the Court **GRANTS** the petition and **ORDERS** Versical to refund the amount previously awarded under the EAJA to plaintiff.

## II. Procedural Background

In December 2024, plaintiff filed this social security appeal. ECF No. 1. She moved for summary judgment in March 2025, arguing that the ALJ made several legal errors in denying her claim for disability insurance benefits under the Social Security Act. ECF No. 7. On March 24, 2025, the Court entered a stipulated order remanding the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). ECF No. 9. The parties also stipulated to an award of attorney's fees for $2,677.50 under the EAJA. ECF No. 11; *see* E.D. Mich. L.R. 54.2(a).

On remand, plaintiff obtained a favorable decision in December 2025 and was awarded substantial past-due benefits. ECF No. 12-1, PageID.883-887. The SSA issued a notice of award to plaintiff in February 2026, followed by a notice of change in benefits in May 2026. *Id.*; ECF No.

12, PageID.866. The SSA withheld 25% of plaintiff's past-due benefits for representative fees for $17,909.97. ECF No. 12-1, PageID.889-890. In March 2026, the SSA separately authorized plaintiff's administrative counsel to charge and collect $9,200 for plaintiff's administrative representation. *Id.*, PageID.895-897. Versical filed this petition on October 23, 2026. ECF No. 14. Versical seeks $8,709.97 in fees, the amount remaining from the $17,909.97 withheld after deducting the fees awarded to plaintiff's administrative counsel. *Id.*

## III. Analysis

The Court first addresses the timeliness of the petition. Pursuant to E.D. Mich. L.R. 54.2(a), a motion for attorney fees under § 406(b) must be filed within 14 days after counsel receives the notice of award. Versical acknowledges that the notice of award in this case was sent out in February 2026. ECF No. 12, PageID.870. But Versical did not receive plaintiff's notice from the SSA because she was unaware of the award and her need to request it.[1] *Id.*, PageID.866-867, 871. After reaching out to

[1] In August 2024, during the pendency of plaintiff's initial administrative proceedings, the SSA implemented a new practice of only sending notices of award to federal appellate counsel when they request it. *See* Soc. Sec. Admin., Program Operations Manual System GN 03920.060(D); Soc. Sec. Admin, *2024 New Rule: Frequently Asked Questions*, https://www.ssa.gov/representation/2024NewRule/faqs.htm ("An attorney

plaintiff's administrative counsel in September 2026 about the remand proceedings, Versical received the notice of award on October 21, 2026. ECF No. 12-3, PageID.898-899. Two days later, Versical filed this petition. ECF No. 12.

Under the express language of Local Rule 54.2(a), the Court finds that Versical timely filed her petition within 14 days of her receipt of the notice of award from plaintiff's administrative counsel. *See Bahnmiller v. Comm'r of Soc. Sec.*, No. 16-14097, 2021 WL 949520, at *2 (E.D. Mich. Mar. 12, 2021) ("Plaintiff's counsel states that he received the Notice of Award on September 10, 2019, and if the 14 days under the local rule is calculated from that date, the petition is timely."); *cf. Zerbst v. Comm'r of Soc. Sec.*, No. 16-10876, 2022 WL 3701167, at *2 (E.D. Mich. Aug. 26, 2022) (denying a petition for attorney fees after the attorney failed to submit evidence in support of his contention that he received the notices one year after they were mailed).

Because the petition is timely, the Court proceeds with addressing the reasonableness of the fee request. Section 406(b) allows an attorney

---

who has not been appointed to represent a claimant before us is not entitled to receive a copy of the notice of award from us, but court attorneys may request a specialized Court Attorney notice from us to facilitate petitioning for and approval of 406(b) fees.") (last visited Nov. 2, 2026).

fee of up to 25% of past due benefits under contingency-fee agreements, but the amount must be tested for reasonableness. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002). There is a rebuttable presumption that a contingency-fee agreement with a cap of 25% is reasonable, and such an award should be reduced only when there is evidence of ineffectiveness or when an attorney would receive an inordinate unwarranted windfall. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014); *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991). To avoid such windfalls, district courts consider the attorney's hours and standard rates in reviewing the reasonableness of contingency fees. *Gisbrecht*, 535 U.S. at 808.

Courts in the Sixth Circuit have found no windfall "when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422.

> A multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately. In other words, a hypothetical hourly

> rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.

*Id.* (cleaned up). If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. *Id.*

Here, Versical says that she worked 12.75 hours on plaintiff's federal appeals case. ECF No. 12, PageID.876; ECF No. 12-5, PageID.901-902. The amount Versical requests for her services ($8,709.97) divided by 12.75 equates to an approximate fee of $683.13 per hour. A review of cases from this district reveals that an hourly rate of $250 to $500 is standard, but doubling and tripling that rate has been deemed appropriate for fees in disability benefits cases under *Hayes* and its progeny. *See Hardy v. Berryhill*, No. 18-10743, 2020 WL 4199608, at *3 (E.D. Mich. July 22, 2020) (approving fee resulting in effective hourly rate of $750); *Szostek v. Berryhill*, No. 14-11531, 2017 WL 6943420, at *2 n.1 (E.D. Mich. Nov. 22, 2017), *adopted*, 2018 WL 398443 (E.D. Mich. Jan. 12, 2018) (collecting cases); *Broxton v. Comm'r of Soc. Sec.*, No. 2:19-cv-13595, 2024 WL 2863295, at *1 (E.D. Mich. Apr. 4, 2024) (reducing a fee award to "a reasonable contingency fee that reflects a calculated hourly fee of almost

$900 per hour”). It therefore cannot be said that Versical’s request constitutes an inordinate windfall.

The Commissioner does not contest the reasonableness of Versical’s request. ECF No. 14, PageID.920. And plaintiff signed a contingency fee agreement consenting to Versical recovering up to 25% of the total past-due benefits awarded. ECF No. 12-4, PageID.900. Nor is there any evidence that Versical was ineffective or delayed the proceedings. Thus, Versical’s request for § 406(b) fees of $8,709.97 is reasonable.

Section 406(b) attorney’s fees are paid directly to the attorney-petitioner, with no regard to preexisting debts. 42 U.S.C. § 406(b)(1)(A); *see also Astrue v. Ratliff*, 560 U.S. 586, 595 (2010). Thus, the amount of $8,709.97 should be paid directly to Versical out of the past due benefits. 42 U.S.C. § 406(b)(1)(A). Versical must then refund the lesser award of attorney’s fees—the $2,677.50 in EAJA fees—to plaintiff. *Astrue*, 560 U.S. at 595-56.

## IV. Conclusion

The Court thus **GRANTS** the petition for attorney’s fees, ECF No. 12, and **ORDERS** Versical to refund the amount previously awarded under the EAJA to plaintiff.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: November 4, 2026

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 4, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager